**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

ZOE O. FLEMING, ET AL.                    CIVIL ACTION

VERSUS                                     NO. 05-6847

JOHN P. FLEMING, ET AL.                    SECTION B(3)

ORDER AND REASONS

Before the Court is Plaintiffs' Motion to Remand (Rec. Doc. No. 9) set for hearing on February 8, 2006, without oral argument.  After review of the pleadings, attachments, and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiffs' Motion is **GRANTED IN PART** and **DENIED IN PART**.

*BACKGROUND*

This case arises out of alleged misstatements included in 2004 federal and state tax returns filed on behalf of Fleming Plantation, L.L.C. (Fleming Plantation).  Fleming Plantation's coowners include Zoe O. Fleming, Calvin A. Fleming, III, Elodie Fleming, and John P. Fleming, all residents of Louisiana, as well as Al Myers and Carolyn Jo Myers, residents of California.

Plaintiffs filed a petition for damages in state court on November 29, 2005, alleging the Defendants had filed incorrect information on behalf of Fleming Plantation with the Internal Revenue Service (I.R.S.).  On December 27, 2005, Defendants

Albert and Carolyn Jo Myers filed a Notice of Removal based on
diversity jurisdiction (Rec. Doc. No. 1).  In that Notice,
Defendants argued John Fleming's citizenship should be
disregarded because he is a nominal party.  On December 30, 2005,
Defendants Albert and Carolyn Jo Myers filed an Amended Notice of
Removal contending removal was appropriate based on federal
question jurisdiction as well as diversity of citizenship (Rec.
Doc. No. 3).  Plaintiffs timely filed a Motion to Remand
challenging both grounds for removal (Rec. Doc. No. 9).

### DISCUSSION

*I. Federal Question*

Defendants Albert and Carolyn Jo Myers assert removal is
proper because the state law claims necessarily raise a
substantial federal issue that warrants the exercise of federal
jurisdiction.  Plaintiffs contend that the causes of action
alleged in the complaint rely solely on state law claims and that
no issue of federal law needs to be decided or interpreted.

A state court action may be removed to federal court if the
action could have been brought in federal court originally.  28
U.S.C. § 1441(a).  When original jurisdiction is premised on a
claim arising out of the Constitution, treaties, or laws of the
United States, the action may be removed without regard to the
citizenship of the parties.  28 U.S.C. § 1441(b).  The burden of

establishing federal jurisdiction rests on the removing party.
*Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th
Cir. 1998).  "[R]emoval statutes are to be construed strictly
against removal and for remand."  *Bosky v. Kroger Tex., LP.*, 288
F.3d 208, 211 (5th Cir. 2002) (citing *Eastus v. Blue Bell
Creameries*, 97 F.3d 100, 106 (5th Cir. 1996)).

Courts generally use the well-pleaded complaint rule to
determine whether a lawsuit involves a federal question.
*Terrebone Homecare, Inc. v. SMA Health Plan, Inc.*, 271 F.3d 186,
188 (5th Cir. 2001). Thus, "federal jurisdiction exists only when
a federal question is presented on the face of plaintiff's
properly pleaded complaint."  *Id.* (quoting *Caterpillar, Inc. v.
Williams*, 482 U.S. 386, 393 (1987)).  Plaintiffs have not raised
any federal claims in their complaint.  Thus, barring some
exception, federal question jurisdiction will not lie.

Defendants contend the instant case falls within a narrow
exception that "in certain cases, federal question jurisdiction
will lie over state-law claims that implicate significant federal
issues."  *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*,
125 S. Ct. 2363, 2367 (2005).  However, the presence of a
substantial federal question is not dispositive.  *See id.*  The
federal issue will qualify for a federal forum "only if federal
jurisdiction is consistent with congressional judgment about the

3

sound division of labor between state and federal courts
governing the application of [28 U.S.C.] § 1331." *Id.*

Defendants allege that the claims made in the instant case
necessarily involve federal tax issues.  Defendants outline the
issues to be addressed as (1) whether any misstatements made on
the federal tax return were material and (2) if found material,
whether the misstatements in fact violate any I.R.S. rules or
regulations.  Plaintiffs contend that the claims brought are
founded on state law issues of breach of fiduciary duty and that
the breach causing Plaintiffs harm occurred in the Defendants
appointment, instruction, and direction in the preparation of a
federal and state tax return that did not account for the correct
distributions to named partners.  Thus, Plaintiffs argue, no
federal law need be decided or interpreted.

This Court finds the *Grable* case distinguishable from the
instant action.  "In Grable, the meaning of the federal statute
was the '*only legal or factual issue contested in the case.*'"
*Snook v. Deutsche Bank*, Civ. No. 05-2694, 2006 U.S. Dist. LEXIS
3707, at * 10 (S.D. Tex. Jan. 17, 2006) (quoting *Grable*, 125 S.
Ct. at 2368).  In the instant case, Plaintiffs must show that
under state law, they were owed a fiduciary duty by Defendants,
that Defendants breached that duty, and that the breach resulted
in Plaintiffs harm.  *See Omnitech Int'l v. Clorox Co.*, 11 F.3d

4

1316, 1330 & n.21 (5th Cir. 1994); *Cantwell v. Deutsche Bank Sec.*, Civ. No. 05-1378, 2005 U.S. Dist. LEXIS 20597, at * 11 (N.D. Tex. Sept. 21, 2005).  As an incident to these issues of state law, if a court finds Defendants breached their fiduciary duty, a court may have to consider issues of federal tax law in relation to whether the federal return as filed breached the fiduciary duty and if so, what damages Plaintiffs incurred. However, the court would equally have to consider issues of state tax law to determine the effect of a breach of fiduciary duty. It is clear that the issues of federal tax law are "only one facet of" Plaintiffs' claims.  *See Snook*, Civ. No. 05-2694, 2006 U.S. Dist. LEXIS 3707, at * 10 (S.D. Tex. Jan. 17, 2006) (quoting *Sheridan v. New Vista*, *LLC*, Civ. No. 05-428, 2005 WL 2090898, at *4 (W.D. Mich. Aug. 30, 2005)).  Thus while considering issues of breach of fiduciary duty may reach issues of materiality and whether Defendants' alleged misstatements violate any I.R.S. rules or regulations that would be informed by federal law, they "would not be sufficiently determinative as to present ... substantial issue(s)."  *Id.* (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9 (1983)).  This Court therefore concludes that Defendants' have failed to carry there burden of showing an actual and disputed substantial issue of federal law, and therefore the exercise of federal question

jurisdiction is inappropriate.

Further, asserting federal question jurisdiction here would not be "consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of [28 U.S.C.] § 1331." *Grable*, 125 S. ct. at 2367. *Grable* recognized a narrow exception "because it will be the rare state title case that raises a contested matter of federal law, [and thus exercising] federal jurisdiction to resolve genuine disagreement over federal tax provisions will portend only a microscopic effect on the federal-state division of labor." *Id.* at 2368.  The Court finds this case is "no different from hundreds of ... breach of fiduciary duty cases filed in state court each year." *Acker v. AIG Int'l, Inc.*, 393 F. Supp. 2d 1239, 1243 n.2 (S.D. Fla. 2005).  Allowing Defendants "to litigate this case in federal court would open the federal courts to garden variety malpractice, breach of duty, and similar state law claims in which the allegation is that the defendant gave fraudulent or negligent advice based on an unreasonable or otherwise faulty interpretation of federal law." *Snook*, Civ. No. 05-2694, 2006 U.S. Dist. LEXIS 3707, at *13 (citing *Sheridan*, Civ. No. 05-428, 2005 WL 2090898, at *4).  As other courts have recognized, "[t]he mere presence of a federal issue should not produce such a result." *Id.* (quoting *Sheridan*, Civ. No. 05-428,

6

2005 WL 2090898, at *4).

II. *Diversity Jurisdiction*

Plaintiffs contend this case was improperly removed because there is no diversity jurisdiction. Defendants Albert and Carolyn Jo Myers contend Defendant John Fleming was improperly joined and/or is a nominal party and therefore should not be considered for purposes of diversity.

Under 28 U.S.C. § 1441 (a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" except as otherwise provided by Congress. "When federal-court jurisdiction is predicated on the parties' diversity of citizenship, see § 1332, removal is permissible 'only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which [the] action [was] brought.'" *Lincoln Prop. Co. v. Roche*, 126 S. Ct. 606, 610 (2005). Because one of the Defendants in the instant matter is a Louisiana citizen, diversity jurisdiction will lie only if the nondiverse Defendant was improperly joined. The burden of establishing the existence of federal jurisdiction lies on the Defendants, bearing in mind that "removal statutes are to be construed strictly against removal and for remand." *Bosky*, 288 F.3d at 211(citing *Eastus*, 97 F.3d at 106); *Winters*, 149 F.3d at 397.

7

Defendants' claim of diversity jurisdiction hinges on a contention that Defendant John Fleming was improperly joined to defeat diversity between the parties. "The burden of proving a fraudulent joinder[1] is a heavy one.  The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, (5th Cir. 1995) (quoting *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983)).  In evaluating the issue of improper joinder, the Court does not "inquire whether the plaintiff will actually or even probably prevail on the merits of her claim . . . .  If there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no [improper] joinder. This possibility, however, must be reasonable, not merely theoretical." *Tantillo v. Cordis Corp.*, Civ. No. 04-2005, 2004 U.S. Dist. LEXIS 19615, at *3 (E. D. La. Sept. 30, 2004) (internal citations and quotations omitted).

"[F]or purposes of determining improper joinder we may pierce the pleadings and consider summary judgment-type evidence. In reviewing that evidence and the complaint, we consider

---

[1]This is now known as "improper joinder." *See Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 571 n.1 (5th Cir. 2004)(en banc).

unchallenged factual allegations in the light most favorable to
plaintiffs and resolve contested fact issues and ambiguities in
controlling state law in plaintiffs' favor." *De La Hoya v.
Coldwell Banker Mex., Inc.*, 125 Fed. Appx. 533, 536 (5th Cir.,
2005) (citations omitted).  Defendants must establish improper
joinder by clear and convincing evidence. *See Edwards v. Allstate
Prop. & Cas. Co.*, Civ. No. 04-2434, 2005 U.S. Dist. LEXIS 1291,
at *3 (E.D. La. Jan. 28, 2005).

　　　Because Defendants here have not alleged fraud in the
pleadings of jurisdictional fact, this Court must determine
whether there is any possibility that Plaintiffs would be able to
maintain a cause of action against the nondiverse Defendant, John
Fleming, in state court.  To prevail in a breach of fiduciary
action under Louisiana law, Plaintiffs must prove that: (1)
Defendants owed Plaintiffs a fiduciary duty, (2) Defendants
actions breached that duty, and (3) Plaintiffs suffered damages
as a result of Defendants' actions.  *Omnitech Int'l*, 11 F.3d at
1330.  In construing Plaintiffs' complaint, the Court considers
the standards set forth in the Federal Rules of Civil Procedure.
A complaint should contain a short and plain statement of the
court's jurisdictional grounds, a short and plain statement of
the claim showing that the pleader is entitled to relief, and a
demand for judgment for the relief the plaintiff seeks. <u>See</u> Fed.

R. Civ. P. 8(a).  In any pleading, simplicity, conciseness and directness are required; however, all pleadings shall be so construed as to do substantial justice.  See Fed. R. Civ. P. 8(e)(1) and 8(f).

Plaintiffs allege, *inter alia*, that "defendants engaged in a course of action which has damaged petitioners by stating on various documents legal liabilities and or omitting information which is extremely detrimental to the financial interest of the plaintiffs," that Defendants have acted in a manner that contravenes the legal obligations owed to Plaintiffs or overstepped their authority in preparing and filing a tax return with information that Defendants knew to be incorrect at the time of filing, that Defendants have failed to report corrected information to the I.R.S., and that Defendants' actions have caused Plaintiffs' damages.  Complaint ¶¶ 3, 4, 10.[2]  Plaintiffs' state court Petitioner for Damages provide "arguably a reasonable basis for predicting that the state law might impose liability on the facts involved," and thus this Court concludes there is no improper joinder.  *Tantillo*, Civ. No. 04-2005, 2004 U.S. Dist.

_____

[2]Defendants' limit their analysis to the claims against John Fleming to those contained in paragraphs five and seven of the Petition for Damages.  This construction is misleading given the repeated references to "defendants" that may be read as referring to *all named* defendants through the Petition and is counter to a construction that would lead to substantial justice.

LEXIS 19615, at *3.

Defendants' contend that the affidavits supplied by Defendants Carolyn Jo Myers and John Fleming prove that John Fleming was mistakenly identified as the managing tax partner and that he had no involvement in preparation of the tax returns. Defendants would urge this Court to find these affidavits sufficient proof that John Fleming cannot be held liable under any theory for breach of fiduciary duty and thus was improperly joined. This the Court must refuse to do. In considering the issue of improper joinder, the Court may "pierce the pleadings and consider summary judgment-type evidence." *De Lay Hoya*, 125 Fed. Appx. at 536. The Fifth Circuit in considering affidavits submitted in connection with a plaintiff's answer to a motion for summary judgment noted that "[a]ll we have are [plaintiff's] unsubstantiated assertions. 'Needless to say, unsubstantiated assertions are not competent summary judgment evidence.'" *Garcia v. Lumacorp, Inc.*, 429 F.3d 549, 555-56 (5th Cir. 2005)(quoting *Abbott v. Equity Group, Inc.*, 2 F.3d 613, 619) (5th Cir. 1993)). This evidence, which cannot be deemed competent summary judgment evidence, is surely not the clear and convincing evidence required to establish improper joinder. *See Edwards*, Civ. No. 04-2434, 2005 U.S. Dist. LEXIS 1291, at *3. Having found Defendants have failed to meet the heavy burden required to

demonstrate improper joinder, the Court concludes it lacks diversity jurisdiction over the instant matter.

<u>**CONCLUSION**</u>

Having concluded Defendants have failed to prove this Court has either federal question or diversity jurisdiction,

**IT IS ORDERED** that Plaintiffs' Motion to Remand is hereby **GRANTED** and that the instant action be remanded to the Civil District Court for Jefferson Parish, Louisiana, Cause No. 625-798.

**IT IS FURTHER ORDERED** that because Defendants' notice of removal was neither unreasonable nor taken in bad faith, Plaintiffs' request for attorney fees and costs is **DENIED**.

New Orleans, Louisiana, this 1st day of March, 2006.

UNITED STATES DISTRICT JUDGE